# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2010

No. 08-41340
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DIEGO ORTEGA-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-350-ALL

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Border Patrol agents found Diego Ortega-Martinez hiding under a tree near the United States-Mexico border in the middle of the night. He acknowledged he did not have immigration documents and admitted to the agents under oath that he was a citizen of Mexico, he had previously been deported from the United States, and he had reentered the United States the previous day without receiving permission from the United States Government.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After hearing this evidence at trial, a jury convicted Ortega-Martinez of being found unlawfully present in the United States and he was sentenced to a forty-eight month prison term.[1] Ortega-Martinez appeals his conviction arguing the introduction into evidence, without objection, of a certificate of nonexistence of record (CNR), which certified the government had no records showing Ortega-Martinez received permission to return to the United States, violated the Confrontation Clause of the Sixth Amendment. At trial, the federal agent who testified to the contents of the CNR did not personally prepare the certification.

The parties agree review is for plain error.[2] Although we have held that admitting into evidence a CNR without the testimony of the person who prepared it violates the Confrontation Clause, Ortega-Martinez still must show the admission of the CNR infringed his substantial rights, that the violation created a reasonable probability the jury reached a different conclusion than it would have absent introduction of the CNR.[3] This Ortega-Martinez cannot do, given the government's overwhelming evidence, including Ortega-Martinez's sworn admissions to the disputed elements of the crime.

AFFIRMED.

---

[1] *See* 8 U.S.C. §§ 1326(a) & (b)(1).

[2] *See United States v. Martinez-Rios*, 595 F.3d 581, 584 (5th Cir. 2010).

[3] *See id.* at 587.

2